**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VICTOR ALFONZO FLORIDO SANCHEZ, )<br>Petitioner, )<br>)<br>v. )<br>)<br>LEONARD ODDO, et. al., )<br>Respondents. ) | Civil No. 26-3 |

## <u>ORDER OF COURT</u>

AND NOW, this 15th day of April, 2026, upon consideration of the Petition for Writ of

Habeas Corpus (ECF No. 1) filed by petitioner Victor Alfonzo Florido Sanchez ("Petitioner");

and the response in opposition (ECF No. 6) filed by Leonard Oddo, et.al ("Respondents"):

Petitioner, a native and citizen of Colombia with a pending asylum petition, asserts that

he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory

detention under § 1225(b)(2) and, therefore, that he is entitled to a bond hearing.  Section 1226

applies to aliens who are "already present in the United States[,]" *Jennings v. Rodriguez*, 583

U.S. 281, 303 (2018), while the mandatory detention provision of § 1225 governs detention of

"applicants for admission" to the United States. *Bethancourt Soto v. Soto*, No. 25-CV-16200,

2025 WL 2976572, at *2 (D.N.J. Oct. 22, 2025).  The Court of Appeals for the Third Circuit has

not addressed this issue.  The court joins the other judges of this district court in holding that §

1226(a), rather than the mandatory detention provision of § 1225(b), applies to aliens similarly

situated to Petitioner, who are not seeking admission at a port of entry, but rather are already

present in the country. The court is aware of the contrary decisions reached by the United States

Court of Appeals for the Fifth Circuit in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi*, -- F.4th --, 2026 WL 819258 (8th Cir. March 25, 2026). Petitioner's detention is governed by § 1226(a) and the court concludes that he has a statutory right to an individualized bond hearing.

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART. It is GRANTED in that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. Within seven (7) days thereafter, the parties shall provide notice to the court of the outcome of the bond hearing. IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief.

Petitioner seeks an award of attorneys' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Under the EAJA, a court may award fees and expenses to a prevailing party against the United States, unless "the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The key issue here is whether Petitioner is an "applicant for admission" under 8 U.S.C. § 1225(a). Respondents argued that "applicant for admission" includes noncitizens like Petitioner who have already been residing in the interior of the United States. The court concludes that Respondents' interpretation of § 1225(a), while incorrect, is substantially justified. The court is mindful that the United States Court of Appeals for the Third Circuit has not yet interpreted the meaning of "applicant for admission" under § 1225(a), and that the two United States Courts of Appeals to have considered this issue ruled that "applicant for admission" includes noncitizens like Petitioner who have resided in the interior of the country

2

for years. *See Buenrostro-Mendez; Avila*. The court concludes that Petitioner is not entitled to attorneys' fees under the EAJA.

The Clerk of Court is directed to mark this CASE CLOSED.

<div style="margin-left: 40%;">

BY THE COURT:

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Court Judge

</div>