**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VICTOR ALFONZO FLORIDO SANCHEZ,  )<br>Petitioner,  )<br>  )<br>v.  )<br>  )<br>LEONARD ODDO, et. al.,  )<br>Respondents.  ) | Civil No. 26-3 |

## **OPINION**

Pending before the court is a motion filed by Petitioner's counsel to enforce the court's order[1] that Petitioner receive an individualized bond hearing, with several exhibits (totalling 514 pages) in support (ECF No. 11).  The government filed a response in opposition to the motion (ECF No. 13).  Upon review of the filings, the court ordered the parties to provide the oral decision summary of the merits hearing referenced by the immigration judge during the April 22, 2026 hearing (*see* ECF No. 11-1 at 6).  The parties provided the transcript of Petitioner's removal proceedings on January 21, 2026 (ECF No. 17), which the court reviewed.  The motion is ripe for decision.

In the motion to enforce, Petitioner, a citizen of Colombia, admits that he received a bond hearing, but argues that the hearing did not result in an individualized determination and failed to comply with the court's April 15, 2026, order because the immigration judge did not consider all the evidence that Petitioner was not a flight risk.  Petitioner submitted a transcript of the bond hearing, which the court reviewed (ECF No. 11-1).  In essence, Petitioner argues that the

---

[1] The court issued an order on April 15, 2026, which granted in part the habeas petition (ECF No. 1), and directed an individualized bond hearing to be held within 10 days of its order (ECF No. 7).

immigration judge made up his mind that Petitioner was a flight risk because he was subject to a removal order and refused to consider the alternative arguments presented by Petitioner's counsel, including his pending T-visa application, being targeted by the Tren de Aragua gang, having family in the United States and a sponsor, and Petitioner's HIV status.  In other words, Petitioner argues that the immigration judge did not meaningfully review Petitioner's factual circumstances (ECF No. 11 7).

Respondents argue the motion to enforce should be denied.  They contend: (1) Petitioner did not exhaust his administrative remedies by appealing the denial of bond to the Board of Immigration Appeals; and (2) the record confirms that he had a bond hearing that was fundamentally fair and satisfies due process.  Respondents point out that the immigration judge based his decision on individualized factors; specifically including the finding that Petitioner was a flight risk because he had limited ties to the United States and would not be removed to Colombia.

A motion to enforce is not the proper avenue to challenge an immigration judge's decision to deny bond.  Federal courts "lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision," and may only "review whether the bond hearing was fundamentally unfair" such that it violates the detainee's due process rights. *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); *see also Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) ("Because we lack jurisdiction to review any discretionary determinations underlying the [immigration judge's] bond decision, we are limited to reviewing only those of [Appellant's] challenges that pertain to the adequacy of process he received at his bond hearing.").

2

The United States Court of Appeals for the Third Circuit has advised that a bond hearing under 8 U.S.C. § 1226 is "fundamentally fair," and thus satisfies due process, if three essential elements are present: (1) factfinding based on a record produced before the decisionmaker and disclosed to the detainee; (2) the detainee is allowed to make arguments on his or her behalf; and (3) the immigration judge makes an individualized determination of the detainee's interests. *Ghanem*, 2022 WL 574624 at *2; *see also Quinteros*, 784 F. App'x at 78. This court's review of the bond hearing is limited to considering whether the hearing was fundamentally fair under *Ghanem.*

The court reviewed the unofficial transcript of the April 22, 2026 bond hearing, which was provided by Petitioner.  The record reflects that Petitioner was represented by counsel and counsel submitted evidence and made arguments on his behalf. [2]  The immigration judge noted there had been a merits hearing and Petitioner (a citizen of Columbia) was ordered removed to either Honduras or Ecuador (ECF No. 17). The government attorney opposed bond on the basis of flight risk because Petitioner did not have close relatives with legal status in the United States and opposed removal to Honduras and Ecuador even though he claimed fear of returning to Colombia.  The government noted that Petitioner's asylum claim was time-barred and argued that since his family was in the United States (albeit without status), Petitioner presented a risk that he would not voluntarily appear to be removed.  The immigration judge concluded that Petitioner was not a danger to the community, but agreed with the government's arguments and found that Petitioner was "a clear flight risk."  (ECF No. 11-1 at 7).

---

[2] Whether to permit testimony is a discretionary decision for the immigration judge.  *See Jeddou v. Warden of Delaney Hall Det. Ctr.*, No. 2:26-CV-01203, 2026 WL 1005052, at *2 (D.N.J. Apr. 14, 2026) (denying habeas petition based on argument that immigration judge deprived Petitioner of an opportunity to testify).

After reviewing the record, the court concludes the immigration judge made an individualized determination.  The immigration judge provided an oral explanation for the decision on the record, which enabled this court to meaningfully review the decision.  The decision was based on flight risk.  The immigration judge noted that Petitioner had limited ties to the United States and had been ordered to be removed to Honduras or Ecuador, not Colombia.  The immigration judge doubted that Petitioner would succeed on his appeal of that decision.

The immigration judge was aware of counsel's arguments about Tren d Aragua, the T visa, his HIV status, the sponsor, and his family's circumstances.  Those are individualized circumstances, which the immigration judge considered.  The immigration judge was not convinced by the argument of Petitioner's counsel's concerning flight risk.  Petitioner or this court may disagree with the immigration judge's decision, but that disagreement is not sufficient to show the hearing was fundamentally unfair.  This court lacks jurisdiction to overturn the immigration judge's discretionary determination.  *Habibi v. Barr*, 445 F. Supp.3d 990, 997 (S. D. Cal. 2020) (court lacks jurisdiction to review immigration judge's discretionary determination about flight risk).

In sum, the bond hearing had each of the essential elements of a fundamentally fair bond hearing and complied with Petitioner's due process rights.  Under those circumstances, any other arguments are beyond the scope of this court's review.  *See Ghanem*, 2022 WL 574624 at *2. The court need not address the parties' dispute about exhaustion of administrative remedies.

4

<u>Conclusion</u>

Because Petitioner received an individualized bond hearing, the motion to enforce court order (ECF No. 11), will be denied.

An appropriate order follows.

Dated:  June 30, 2026

BY THE COURT:

<u>/s/ Joy Flowers Conti</u>
Joy Flowers Conti
Senior United States District Court Judge
